UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FULL GOSPEL BAPTIST CHURCH                    CIVIL ACTION
FELLOWSHIP INTERNATIONAL

VERSUS                                        NO: 12-2749

CAPITAL ONE, NA                               SECTION: "J"(3)

**ORDER**

Before the Court is Full Gospel Baptist Church Fellowship International("Full Gospel")'s **Motion for Reconsideration** (Rec. Doc. 53) and *ex parte* **Motion for Expedited Hearing on the Motion to Reconsider (Rec. Doc. 54).** The Court, having determined that an opposition by Defendant Capital One, NA was unnecessary, considered the motions on the briefs and on an expedited basis.

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration. Bass v. U.S. Dept. of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior judgment, including a judgment on a motion  for summary judgment, as a Rule 59(e) motion to alter or amend. Fed. R. Civ. P. 59(e); St. Paul Mercury Ins. Co. v. Fairgrounds Corp., 123 F.3d 336, 339 (5th Cir. 1997). Reconsideration of a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. Templet v.

1

Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004). A motion for
reconsideration calls into question the correctness of a judgment
and is permitted only in narrow situations, "primarily to correct
manifest errors of law or fact or to present newly discovered
evidence." Id.; see also Schiller v. Physicians Res. Grp. Inc.,
342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as
"'[e]vident to the senses, especially to the sight, obvious to
the understanding, evident to the mind, not obscure or hidden,
and is synonymous with open, clear, visible, unmistakable,
indubitable, indisputable, evidence, and self-evidence.'" In Re
Energy Partners, Ltd., 2009 WL 2970393, at *6 (Bankr. S.D. Tex.
Sept. 15, 2009) (citations omitted); see also Pechon v. La. Dep't
of Health & Hosp., 2009 WL 2046766, at *4 (E.D. La. July 14,
2009) (manifest error is one that "'is plain and indisputable,
and that amounts to a complete disregard of the controlling
law'") (citations omitted).

The Fifth Circuit has noted that "such a motion is not the
proper vehicle for rehashing evidence, legal theories, or
arguments that could have been offered or raised before entry of
judgment." Templet, 367 F.3d at 478-79. Nor should it be used to
"re-litigate prior matters that ... simply have been resolved to
the movant's dissatisfaction." Voisin v. Tetra Technologies,
Inc., 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to
prevail on a motion under Rule 59(e), the movant must clearly

establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. <u>Schiller</u>, 342 F.3d at 567; <u>Ross v. Marshall</u>, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

In the instant case, Full Gospel has not cited to any intervening change in the law since this Court's October 9th Order granting Defendant's partial motion for summary judgment. (Rec Doc. 48) Furthermore, Full Gospel has not pointed to any newly discovered evidence *previously unavailable* to it, but rather it points to a lease proposal that is not newly discovered, but rather was simply not made available to the Court on original hearing. Finally, Full Gospel has not clearly established either a manifest error of law or fact. The instant motion for reconsideration is simply an attempt to rehash prior arguments and to present legal theories that could have been made on original hearing. Accordingly,

**IT IS ORDERED** that Full Gospel's **Motion to Expedite (Rec. Doc. 54)** is **GRANTED**;

**IT IS FURTHER ORDERED** that Full Gospel's **Motion for Reconsideration** (Rec. Doc. 53) is **DENIED.**

New Orleans, Louisiana this 23rd day of October, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE